UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| MITCH TILLMAN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17 CV 61 ACL |
| | ) | |
| MENARD, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This action was originally filed in the Circuit Court of Cape Girardeau County, and was removed to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. Presently pending before the Court is Defendant Menard, Inc.'s Motion for Summary Judgment. (Doc. 27.) The Motion is fully briefed and ripe for disposition.

## **Background[1]**

Menard, Inc. owns, operates, and maintains the premises located at 535 Siemers Drive, Cape Girardeau, Missouri ("Menards"). On August 26, 2016, Plaintiff Mitch Tillman entered the Menards store with his wife, Karen Tillman, to make a purchase. Tillman alleges that, while he was picking up merchandise from the bottom rack of the store shelving, an employee caused steel pallet racks to fall from the top rack of the shelving unit. He claims that the steel pallet racks struck him in the head, severely injuring him.

---

[1] The Court's recitation of the facts is taken from facts that (1) Tillman admitted were undisputed in his Response; (2) Tillman alleged were disputed but failed to properly and/or directly controvert; (3) Menard admitted in its Response to Tillman's Statement of Additional Material Facts; or (4) Menard alleged were disputed but failed to controvert. The movant's statement of facts are deemed admitted if not specifically controverted by the party opposing the motion with specific references to portions of the record as required by Local Rule 4.01(E) and Federal Rule of Civil Procedure 56(c)(1).

Tillman has no memories of August 26, 2016. He has never had a personal memory of the incident. Rather, his first memory was of the following day. Tillman has no opinions as to what Menard, Inc. did or did not do that may have caused the incident.

Karen Tillman was helping Mr. Tillman load a piece of pallet racking when she saw movement and observed Mr. Tillman fall with pallet racking. Mrs. Tillman did not see pieces of pallet racking fall. At no time after the incident did Mr. Tillman indicate to Mrs. Tillman what went wrong or why the product fell. Mrs. Tillman does not know why the product fell.

After the incident, in 2017 or 2018, Mr. and Mrs. Tillman went back to the Menards store and Mrs. Tillman took photographs of the area where the incident occurred. The pictures depicted the general area of the pallet racking. Mrs. Tillman observed a banner across the pallet racking, which is depicted in photographs Mrs. Tillman took. One of the photographs taken by Mrs. Tillman depicts a banner that says "steel shelving system" with green across the top.

In Count I of his Complaint, Tillman asserts a negligence claim. He alleges that the steel pallet racks situated on the shelving unit were not in a reasonably safe condition, and that Defendant knew or by using ordinary care could have known of this condition. Tillman claims that his injuries were a direct and proximate result of Defendant's negligence.

In Count II, Tillman asserts a *res ipsa loquitor* claim. He alleges that Defendant had the right to control the subject property and steel pallet racks that caused Tillman's injuries, and that steel pallet racks or items of merchandise do not ordinarily fall on to customers when those in charge use due care. Tillman argues that the incident was, therefore, caused by Defendant's negligence.

Defendant filed a Motion for Summary Judgment contending Tillman has failed to produce any evidence of negligence as to Menard, Inc., and that Defendant is entitled to

judgment as a matter of law. In support of its Motion, Defendant has attached a copy of the report of William Nelson, its retained expert in the field of Human Factors, Product Development Biomechanics and Ergonomics.

I.      **Summary Judgment Standard**

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A genuine issue of material fact is not the "mere existence of some alleged factual dispute between the parties." *State Auto. Ins. Co. v. Lawrence,* 358 F.3d 982, 985 (8th Cir. 2004). "Instead, the dispute must be outcome determinative under prevailing law." *Mosley v. City of Northwoods,* 415 F.3d 908, 910-11 (8th Cir. 2005) (internal quotations omitted). A fact is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in his favor to allow a jury to return a verdict for him. *Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 324. "If 'opposing parties tell two different stories,' the court must review the record, determine which facts are material and genuinely disputed, and then view those facts in a light most favorable to the nonmoving party – as long as those facts are not 'so blatantly contradicted by the record . . . that no reasonable jury could believe' them." *Reed v. City of St. Charles, Mo.*, 561 F.3d 788 (8th Cir. 2009) (quoting *Scott v. Harris*, 550 U.S. 372,

380 (2007)). Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. *Armour and Co., Inc. v. Inver Grove Heights,* 2 F.3d 276, 279 (8th Cir. 1993).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the nonmoving party and give that party the benefit of any inferences that logically can be drawn from those facts. *Matsushita,* 475 U.S. at 587; *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005). The Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.,* 210 F.3d 845, 847 (8th Cir. 2000). The court is required, however, to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chemical Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).

## II.     Discussion

Defendant argues that both of Tillman's claims fail as a matter of law, because Tillman cannot prove that Defendant was negligent.

### A.     Premises Liability (Count I)

The owner of a premises owes a duty to invitees to exercise ordinary and reasonable care in making the premises safe. *Rycraw v. White Castle Sys. Inc.,* 28 S.W.3d 495, 499 (Mo. Ct. App. 2000). To establish a claim of negligence based on premises liability under Missouri law, the plaintiff must present substantial evidence that: (1) a dangerous condition existed on the premises of the defendant; (2) the defendant knew or by using ordinary care should have known of the dangerous condition; (3) the defendant failed to use ordinary care in removing or warning of the danger; and (4) the plaintiff sustained injuries as a result of the dangerous condition. *Montgomery v. Wilson,* 331 S.W.3d 332, 336 (Mo. Ct. App. 2011).

4

Defendant argues Tillman cannot show that the steel pallet racks constituted a dangerous condition.  Defendant further argues that Tillman cannot prove that Defendant knew or should have known of the condition, because Tillman has not identified any experts to testify that the placement of the steel shelving pallets was unreasonably dangerous, that Defendant knew of this condition, and that the placement of the steel pallets caused Tillman's injuries.

Defendant has submitted the report of its expert, Mr. Nelson.  (Doc. 28-4.)  Mr. Nelson conducted a site inspection of the Menards store on May 8, 2018, during which he took photographs and measurements, reviewed the shelving plans, and compared the plans to the actual shelving configurations.  Mr. Nelson also performed testing to determine if the safety items functioned and performed as designed.  Mr. Nelson determined that there were six safety items/methods utilized by Menard, Inc. to help prevent steel shelving from falling onto a customer, which he subsequently reviewed and tested.  He concluded, based on this testing, that the six safety features worked as designed.  Mr. Nelson noted that one of the safety features helped prevent merchandise from one aisle being affected by actions taken on an adjacent side.  He tested this feature by pushing on merchandise in the aisle behind the steel shelving merchandise, and it was not possible to make the steel shelving merchandise fall from the shelf.  Mr. Nelson concluded that the incident as alleged by Tillman was not possible during the test.  He expressed the following opinions: Menard, Inc. took reasonable care to ensure the area where the accident occurred was reasonably safe for customers; a warning was not necessary for the area where the incident occurred; and the incident did not occur as alleged by Tillman.

Tillman responds that there is both direct and circumstantial evidence that a dangerous condition existed within Defendant's store.  Tillman points to Karen Tillman's testimony that the display was missing a banner on the date of the injury.  (Doc. 31-2 at p. 3-4.)  Tillman argues

5

that the banner, "as evidenced by Menard Inc.'s design protocols, conceals a metal crossbar which should operate to stop the product from falling forward onto customers." (Doc. 30 at p. 3.) He contends that "both the banner and the cross bar were absent, creating an unsafe condition that would allow pallet shelving to fall forward toward the aisle." *Id.* Tillman further argues that expert testimony is not required in this case because it is within the province of the jury to determine whether the manner in which Defendant displayed its metal shelving products was dangerous. He claims that the photographs of the scene, store design diagrams, and testimony of the Tillmans are sufficient for a jury to reasonably conclude that a dangerous condition existed within the pallet racking display.

Defendant argues that Mrs. Tillman's testimony that the display bay was missing a banner on the date of the incident does not create a genuine issue of material fact, because a photograph taken immediately after the incident occurred reveals that the banner and crossbar were present. (Doc. 32-1.) Defendant further argues that, even if a banner were missing, Tillman's lay witnesses do not have the knowledge required to testify that the absence of a banner constitutes an unreasonably dangerous condition.

The Court finds that Tillman has presented no evidence to allow a reasonable jury to find that the display constituted a dangerous condition of which Defendant knew or could have known. Tillman has no memory of the incident, and Karen Tillman did not see the shelving fall. There are no other eyewitnesses to the incident. Mrs. Tillman's testimony that the banner and the cross bar were absent at the time of the incident is refuted by a photograph taken immediately after the incident. Specifically, the photograph submitted by Defendant depicts the bottom left corner of the banner and cross bar Tillman claims was missing. (Doc. 32-1.)

Tillman argues that expert testimony is not required for a jury to determine whether a dangerous condition exists. Even assuming that expert testimony is not required in this case, the fact remains that Tillman has introduced *no evidence* in support of his claim. To avoid summary judgment, Tillman must show that there is evidence that a dangerous condition existed of which Defendant knew or could have known. *See Fever v. Westin, St. Louis,* No. 4:12CV9 SNLJ, 2013 WL 5966046, * 3 (E.D. Mo. Nov. 8, 2013). In *Fever*, the plaintiff fell on a hotel dance floor and claimed the hotel was liable for her injuries due to the dance floor's "slippery" dangerous condition. *Id.* The defendant hotel was granted summary judgment because plaintiff produced no evidence that the dance floor was wet or otherwise so slippery that it would allow a reasonable jury to find the defendant knew it constituted a dangerous condition. *Id.* Similarly, here, Tillman produces no evidence (expert or otherwise) except his bare assertions, that the display presented a dangerous condition.

Thus, Defendant's Motion for Summary Judgment will be granted as to Tillman's negligence claim.

**B.     Res Ipsa Loquitor (Count II)**

The *res ipsa loquitor* doctrine "permits a jury to infer from circumstantial evidence that the defendant is negligent without requiring that the plaintiff prove defendant's specific negligence." *Weaks v. Rupp*, 966 S.W.2d 387, 393 (Mo. Ct. App. 1998). *Res ipsa* is used "in cases in which it is not clear exactly what caused an injury, but all the probable causes are within the control or right to control of defendant." *Sides v. St. Anthony's Med. Ctr.*, 258 S.W.3d 811, 814 (Mo. 2008) (en banc). The doctrine of *res ipsa loquitur* may be applied when: "(a) the occurrence resulting in injury was such as does not ordinarily happen if those in charge use due care; (b) the instrumentalities involved were under the management and control of the defendant;

7

and (c) the defendant possesses superior knowledge or means of information as to the cause of the occurrence." *Bass v. Nooney Co.*, 646 S.W.2d 765, 768 (Mo. 1983). The defendant may then introduce evidence to rebut the inference of the defendant's carelessness. *Weaks*, 966 S.W.2d at 396.

The second element—control—focuses on the defendant as the possible negligent actor. As in any case of negligence, in order to make a submissible case, the plaintiff must show that it was more probable than not that the defendant was the cause of the negligence. *See McCloskey v. Koplar,* 46 S.W.2d 557, 563 (Mo. banc 1932). If the plaintiff shows the defendant was in exclusive control of the instrumentality which caused the accident, he has inferentially focused negligence upon defendant. If the plaintiff does not show the defendant's exclusive control of the instrumentality, he still may fix the defendant with responsibility for the negligence by showing the defendant had the right or power to control the instrumentality and the opportunity to exercise it. *See e.g.,* McCloskey, 46 S.W.2d at 560. However, if the plaintiff merely shows this constructive control by the defendant, the inference that the defendant's negligence caused the accident does not necessarily follow. The plaintiff must, therefore, adduce additional evidence to show the defendant's responsibility. *See Hart v. Emery, Bird, Thayer Dry Goods Co.,* 233 Mo. App. 312, 118 S.W.2d 509, 511 (1938). The plaintiff need not exclude every possible source of the negligence except the defendant, but he must show it was more probable than not that the defendant was the source of the negligence. *Neis v. National Super Markets, Inc.,* 631 S.W.2d 690, 691 (Mo. Ct. App. 1982). When the plaintiff simply shows it was at least equally probable that the negligence was due to another, the plaintiff has not made a submissible case. *Id.* at 691.

The Missouri Supreme Court stated as follows in *Patton v. May Dept. Stores Co.,* 762 S.W.2d 38, 40 (Mo. banc 1988):

> Also, in this self-service store where customers are invited to inspect, remove, and replace goods on the shelf there is an inference that another customer disarranged the goods. When the evidence only shows these two competing inferences and the probabilities are at least equal as to whether an employee or a customer caused the accidents, the courts have held the plaintiff failed to make a submissible case *Neis* [*v. National Super Markets, Inc.,* 631 S.W.2d 690 (Mo. Ct. App. 1982)].

In *Neis*, the Missouri Court of Appeals held that the plaintiff supermarket customer failed to make a submissible case, because the inference that merchandise was placed where it was by another customer was as strong as the inference that it was placed there by an employee when the plaintiff was struck by a falling can. 631 S.W.2d at 692-93.

In this case, as in *Neis*, Tillman has not introduced sufficient evidence to show it was more probable than not that Defendant was the source of the negligence. Rather, it is equally probable that the incident was caused by Tillman's own actions in removing the merchandise from the shelf. As previously discussed, Tillman has produced no evidence, circumstantial or direct, supporting his claim that the incident was caused by Defendant. Defendant, on the other hand, has introduced the opinion of expert William Nelson that the incident did not occur as alleged by Tillman. Tillman has not demonstrated the presence of a genuine issue of material fact for trial.

Thus, Tillman's theory of negligence based on *res ipsa loquitor* fails in this case as matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Doc. 27) is **granted**. A separate Judgment in favor of Defendant will accompany this Memorandum and Order.

*/s/ Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of November, 2018.